IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROBERT G. PENNEY                                                                                        PLAINTIFF

      v.                               CASE NO. 3:14-CV-03003-MEF

CAROLYN W. COLVIN,
Commissioner of Social Security Administration                                          DEFENDANT

**MEMORANDUM OPINION**

    Plaintiff, Robert G. Penney, brings this action under 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for disability insurance benefits ("DIB"), and supplemental security income ("SSI"), under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.  Procedural Background:**

    Plaintiff filed his applications for DIB and SSI on February 24, 2011, alleging an onset date of January 28, 2011, which was subsequently amended to February 5, 2011, due to anxiety, withdrawal, depression, pain, and irrational actions. (T. 245-251, 252-257, 338) Plaintiff's claims were denied initially on July 20, 2011, and upon reconsideration on August 12, 2011. (T. 191-193, 194-197, 199-200, 201-202)  Plaintiff then requested an administrative hearing, which was held on July 31, 2012.  Plaintiff was present and represented by counsel. (T. 86)

    At the time of the administrative hearing, Plaintiff was 44 years of age and had obtained the

equivalence of a high school education. (T. 90-91) He had also attended truck driving school. (T. 91) The Plaintiff had past relevant work ("PRW") experience as a truck driver, a landscape laborer, a general production worker, and a retail stocker. (T. 153-154).

In a Decision issued on November 30, 2012, the Administrative Law Judge ("ALJ"), Hon. Glenn A. Neel, found that although Plaintiff has the following severe impairments, residual effects of right hand injury, osteoarthritis of the lumbar spine, chronic neck pain, bipolar II disorder, and personality disorder - not otherwise specified, citing 20 C.F.R. § 404.1520(c) and 416.920(c), Plaintiff does not have an impairment or combination of impairments that meets or medically equals any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). (T. 23-24). The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. § 404.1567(b) and 416.967(b), except that he is limited to only occasional climbing, balancing, stooping, kneeling, crouching, crawling, and overhead work/reaching, and he is further limited to frequent but not constant handling with his non-dominant right upper extremity, he must avoid concentrated exposure to hazards, including no driving as a part of work, and he is limited to work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, with few variables and use of little judgment, and where the supervision required is simple, direct and concrete. (T. 25-32) With the assistance of a vocational expert, Jim Spraggins, the ALJ determined that while Plaintiff is unable to perform his past relevant work, Plaintiff could perform the requirements of light duty, unskilled representative occupations such as poultry production worker, production line assembler, sewing machine operator, and sedentary, unskilled jobs such as small product assembler, small production machine operator, and

a small product inspector. (T. 32-33, 155-157) The ALJ then concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from January 28, 2011 through the date of the ALJ's Decision on November 30, 2012. (T. 33)

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on November 29, 2013. (T. 1-6) Plaintiff then filed this action on January 9, 2014. (Doc. 1) This case is before the undersigned pursuant to the consent of the parties. (Doc. 7) Both parties have filed appeal briefs, and the case is ready for decision. (Doc. 10 and 11)

## II.  Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that the disability, not simply the impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require application of a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. §§ 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920 (2003).

### III. Discussion:

The Court must determine whether substantial evidence, taking the record as a whole, supports the Commissioner's decision that Plaintiff has not been disabled from the alleged date of onset, as amended, on February 8, 2011. Plaintiff raises one issue on appeal: that the ALJ erred in failing to make a proper credibility determination, as it amounted to a mere recitation of the medical evidence. (Doc. 10, pp. 7-10) Plaintiff specifically argues that the ALJ failed to mention the *Polaski*[1] factors and failed to set forth any analysis made pursuant to SSR 96-7P or 20 C.F.R. § 404.1529 or

---

[1] *Polaski v. Heckler*, 739 F.2d 1320, 1321-22, 751 F.2d 943, 948 (8th Cir. 1984).

20 C.F.R. § 416.929. (Doc. 10, p. 8) He also submits that the ALJ's Decision "failed to properly account for the physical determinations made by Dr. Brownfield which should have at least resulted in an RFC of sedentary." (Doc. 10, p. 9) The Court agrees that the ALJ's credibility determination is deficient, and that the ALJ erred in discounting Dr. Brownfield's opinion that Plaintiff was severely limited in the use of his right, non-dominant, hand.

### A. Credibility Determination

In determining a claimant's RFC, " 'the ALJ must first evaluate the claimant's credibility.'" *Wagner v. Astrue*, 499 F.3d 842, 851 (8th Cir.2007) (*quoting Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2002)). Assessing and resolving credibility issues is a matter that is properly within the purview of the ALJ. *Johnson v. Chater*, 87 F.3d 1015, 1018 (8th Cir. 1996) (court will not substitute its own credibility opinion for that of the ALJ). As the Eighth Circuit has observed, "[o]ur touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). The court should, " defer to the ALJ's determinations regarding the credibility of testimony, so long as they are supported by good reasons and substantial evidence." *Perks v. Astrue* 687 F.3d 1086, 1091 (8th Cir. 2012). "The ALJ is not required to discuss each Polaski factor as long as the analytical framework is recognized and considered." *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004).

The ALJ did not cite *Polaski* or set forth the factors for assessing a claimant's credibility; the ALJ did state that in making his findings he considered all symptoms and the extent to which such symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. §§ 404.1529 and 416.929 and SSRs 96-4p and 96-7p. (T. 15) These regulations broadly mirror the *Polaski* factors, and SSR 96-7P tracks and expands

on those factors.

After giving some boiler-plate acknowledgment to the regulations and SSRs (T. 25-26), the ALJ summarizes Plaintiff's allegations and testimony, then concludes that "these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (T. 27) The ALJ goes on to summarize the medical and opinion evidence, and he concludes with the following:

> "In sum, although the claimant has limitations due to his impairments, the undersigned is not persuaded that Mr. Penney is totally disabled and unable to perform work at a level consistent with the above residual functional capacity. While the claimant has reported having mental problems for many years, the evidence of record documents little continuing treatment and/or regular use of medication to control his symptoms. Further, mental status evaluations by three consultative examiners indicated that the claimant was able to perform basic work tasks. It is also noted that when prescribed medication Mr. Penney has failed to be compliant with taking it as directed. In addition, the undersigned notes that Mr. Penney has been able to work, with some years showing significant earnings, in spite of his disabilities." (T. 31-32)

There is no substantive discussion of the *Polaski* and SSR 96-7P factors, just a conclusory paragraph that the Court finds to be unsubstantiated by the evidence of record. While there is some evidence that Plaintiff had, in the past, discontinued taking mental health medication "because it didn't help" (T. 410), and that he had not taken any psychiatric medication in about two years before his evaluation by Dr. Efird on March 17, 2009 (T. 416), the more recent records in 2012 reflect that Plaintiff was prescribed medications for his psychiatric symptoms, he experienced and reported side effects, and efforts were made to adjust his medications to meet his needs. (T. 559, 563) These records also reflect compliance by Plaintiff in attending therapy sessions, and some progress in his

therapy, although his GAF scores continued to be in the 41-50 range[2]. (T. 560-574) Further, the evidence shows that Plaintiff has not worked to the level of substantial gainful activity since his date of onset on February 8, 2011. Just prior to that, Plaintiff worked for Heartland Express as an over-the-road truck driver, and he was able to do so because the company provided him with a truck equipped with an automatic transmission (eliminating the need to use his injured right hand to shift[3]) (T. 130-131), but he had to discontinue that job due to the amount of prescription pain medication he was taking. (T. 102-103, 420-421) Thereafter, Plaintiff only worked part-time in a temporary job arranged for by his girlfriend (T. 140), and the VE acknowledged in his testimony that such work required special accommodations by Plaintiff's girlfriend (T. 159).

Considering the evidence as a whole, the Court finds that the ALJ has not properly evaluated Plaintiff's credibility consistent with the *Polaski* and SSR 96-7P factors, and remand is required. On remand, the ALJ should expressly acknowledge the *Polaski* and SSR 96-7P factors and give specific reasons for discrediting any of Plaintiff's subjective complaints.

### B. Dr. Brownfield's Report and RFC

The Court is also concerned about the ALJ's treatment of the report of Shannon H. Brownfield, M.D., a consultative examiner who performed a general physical examination of Plaintiff on June 20, 2011. Upon examining Plaintiff, Dr. Brownfield found that Plaintiff had muscle

---

[2] A GAF of 41 - 50 is indicative of "serious symptoms (e.g., suicidal ideation, severe obcessional rituals, frequent shoplifting) OR serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job). Diagnostic and Statistical Manual of Mental Disorders (DSM-IV-TR), p. 34 (4th Ed. 2000).

[3] An earlier employment with C. R. England as an OTR driver ended because Plaintiff could not shift properly because of the injury to his right hand, and he tore up one of their transmissions. (T. 159-160)

weakness in his right hand (3/5), loss of sensation of the right ulnar nerve at the wrist, and 50%[4] of normal grip with the right hand. (T. 425) Dr. Brownfield's diagnosis was status post-injury right wrist with loss of ulnar sensation and decreased strength, and he opined that Plaintiff has severe limitation to the use of his right hand. (T. 426) These findings are consistent with the findings of Robert H. May, M.D. on January 12, 2009, who noted post-traumatic changes to the right hand, some weakness, loss of sensation in either side of the right hand, and who wondered if Plaintiff has a carpal tunnel syndrome. (T. 407) The x-ray reports taken immediately following the injury[5] show tiny metallic densities projected into the soft tissues, and the metallic foreign bodies appear to project in the soft tissues over the carpal bones. (T. 478)

Ronald Crow, D.O., a non-examining consultative physician, on June 21, 2011 noted no manipulative limitations (e.g., handling, fingering, feeling). (T. 432) Interestingly, Dr. Crow refers to Dr. Brownfield's medical source statement of June 20, 2011, noting the severe limitation in use of right hand, but then indicates that such findings are not significantly different from his own findings. (T. 435) This troubles the Court as there clearly is a significant difference between a finding of "severe limitation in use of right hand" and a finding of no manipulative limitations.

The ALJ gave some weight to Dr. Brownfield's opinion "because the overall examination results are not inconsistent with the above residual functional capacity," but the ALJ then found that "the other objective medical evidence of record, together with claimant's lack of treatment and his

---

[4] The ALJ noted the finding to be 80% grip strength of right hand (T. 28-29), but the report, while difficult to read, appears to show 50% of normal grip strength of right hand. (T. 425)

[5] The injury occurred when a muzzle loader firearm blew up in Plaintiff's right hand. (T. 473-478)

ability to perform manual labor as well as work as a truck driver recently, does not support a 'severe' limitation in prolonged position, stooping, lifting, and use of his right arm." (T. 30) The ALJ does not specifically discuss what other objective medical evidence supports his finding that Plaintiff does not suffer from a severe limitation to the use of his right hand. As noted above, the other objective medical evidence of record supports Dr. Brownfield's finding of post-traumatic injury to Plaintiff's right hand resulting in significant loss of strength and loss of sensation. The Court does not find substantial evidence in the record to support the ALJ's decision to discount Dr. Brownfield's opinion that Plaintiff is severely limited in the use of his right hand.

This is particularly important in this case because the ALJ's determination of Plaintiff's RFC includes the ability to "frequently but not constantly" use his non-dominant right upper extremity for handling. (T. 25) It is difficult to see how Plaintiff, having significant muscle weakness, decreased grip strength, and sensory loss resulting in "severe limitation" to the use of his right, non-dominant hand, could frequently use that hand for handling during work related tasks. When asked by the ALJ, in hypothetical questions, if an individual's RFC was reduced from "frequent but not constant" to "only occasional handling with the non-dominant, right, upper extremity," the VE advised that "it would eliminate those jobs" both at the light and sedentary levels, stating "[t]hese unskilled jobs, the light and the sedentary jobs require more than occasional use of both upper extremities for handling and fingering - - so there wouldn't be any jobs." (T. 156-157) Thus, there is obvious significance in precisely defining the nature of Plaintiff's "severe limitation" in the use of his right hand in determining Plaintiff's RFC.

Residual functional capacity "is not the ability merely to lift weights occasionally in a doctor's office; it is the ability to perform the requisite physical acts day in and day out, in the

sometimes competitive and stressful conditions in which real people work in the real world." *McCoy v. Schweiker*, 683 F.2d 1138, 1147 (8th Cir.1982) (en banc). It is incumbent upon the ALJ to establish by medical evidence that the claimant has the requisite RFC. The ALJ has a duty to fully and fairly develop the record. *See Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995)(ALJ must fully and fairly develop the record so that a just determination of disability may be made). If a treating physician has not issued an opinion which can be adequately related to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as to clarify the record. *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984); *Smith v. Barnhart* 435 F.3d 926, 930 (8th Cir. 2006)(duty to fully and fairly develop the record may include seeking clarification from treating physicians if a crucial issue is undeveloped or underdeveloped)."Unfairness or prejudice resulting from an incomplete record - whether because of lack of counsel or lack of diligence on the ALJ's part - requires a remand." *Highfill v. Bowen*, 832 F.2d 112, 115 (8th Cir. 1987) (evidence "put the ALJ on notice of the need for further inquiry").

      The Court notes that the record does not contain an RFC assessment from any of Plaintiff's treating doctors or the consultative examining physicians regarding specific limitations and restrictions in the use of Plaintiff's right hand. The only relevant RFC assessment in the file was prepared by a non-examining, consultative physician, Dr. Crow, whose assessment purports to be based on Dr. Brownfield's medical source statement; however, Dr. Crow's assessment of "no manipulative limitations" is actually inconsistent with Dr. Brownfield's "severe limitation" to the use of Plaintiff's right hand with no explanation given. Such evidence should have "put the ALJ on notice of the need for further inquiry," but no further inquiry was made by the ALJ.

      On remand, the ALJ is directed to re-contact Dr. Brownfield to submit a precise inquiry

regarding Plaintiff's right, non-dominant hand limitations and restrictions, and to give the objective basis for such opinion, so that an informed decision can be made regarding Plaintiff's ability to use his right, non-dominant hand to perform basic work activities on a sustained basis during the relevant time period in question. *See Chitwood v. Bowen*, 0788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

### IV. Conclusion:

After reviewing the record in this case, the undersigned is of the opinion that the ALJ failed to conduct a proper *Polaski* analysis, and that his RFC findings are not supported by the evidence as a whole. Accordingly, this matter is hereby remanded to enable the ALJ to properly evaluate Plaintiff's credibility consistent with the *Polaski* and SSR 96-7P factors, and to fully and fairly develop the record concerning Plaintiff's ability to use his right hand.

Dated this 15th day of May, 2015.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE